Carter L. Fjeld
Kevan T. Montoya
Tyler M. Hinckley
Velikanje Halverson P.C.
405 East Lincoln Avenue
P.O. Box 22550
Yakima, Washington 98907
Telephone: 509-248-6030
Attorneys for Defendants

HONORABLE FRED VAN SICKLE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

MICHAEL J. DESSERAULT, an individual; HOGUE RANCHES, INC., a Washington corporation; and DESSERAULT RANCH, INC., a Washington corporation,

   Plaintiffs,

v.

YAKIMA CHIEF PROPERTY HOLDINGS, LLC, formerly known as Yakima Chief U.S., LLC, a Washington limited liability company; YAKIMA CHIEF U.S. LLC, Washington limited liability company; YAKIMA CHIEF, INC., a Washington corporation; MICHAEL M. SMITH, an individual; STEPHEN B. CARPENTER, an individual; CARPENTER FARMS, INC., a Washington corporation; PERRAULT & SONS, INC., a Washington corporation; STEVEN M. PERRAULT, an individual; POPLAR GROVE, LLC, a Washington limited liability company; SAUVE & SON FARMS, INC., a Washington corporation;

NO.   CV-09-3055-FVS

STIPULATED PROTECTIVE ORDER

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26 | RICHARD SAUVE, an individual; VIRGIL GAMACHE FARMS, INC., a Washington corporation, PAUL GAMACHE, an individual; SUNSHINE RANCH, LLC, a Washington limited liability company; ERNEST W. CHARVET, an individual; BRULOTTE FARMS, INC., a Washington corporation; ALLIED GROWERS, LLC, a Washington limited liability company; WM. GASSELING RANCHES, INC., a Washington corporation; B.T. LOFTUS RANCHES, INC., a Washington corporation; DOUBLE D HOP RANCH, INC., a Washington corporation; WARRIOR RANCHES, LLC, a Washington limited liability company; COLEMAN FARMS, INC., an Oregon corporation; RONALD BRULOTTE, an individual; and ROBERT GASSELING, an individual,<br><br>                Defendants. | |

This matter came on for hearing upon the Parties' Stipulation to a Protective Order to protect confidential business information and financial information of the Plaintiffs, Defendants, and Third-Parties doing business with them.

The parties stipulate as follows:

1.     The Parties stipulate that a Protective Order will apply to documents, materials, and information, including, without limitation, documents produced, answers to

interrogatories, responses to requests for admissions, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, that contain private, confidential information pertaining to parties or non-parties to this action.

2.  For purposes of this requested Order, the parties agree that "Document" is defined as:

> **"Document"** includes, but is not limited to, the original as well as any copies of any agreement, appointment book, assessment, blueprint, book, brochure, business form, cable, cassette, chart, check, check stub, computer disk or index thereto, computer printout, computer program, computer tape, contract, correspondence, correspondence files, desk calendar, draft, drawing, email, estimate, graph, index, invoice, lease, ledger, letter, log book, manual, map, memorandum, message, minutes, minute book, model, notation, note, pamphlet, periodical, phone record, photograph, pleading, printout, purchase order, record, record of purchase or sale, report, reproduction, schedule, sketch, spreadsheet, statement, study, summary, survey, tape, telegram, telex, time sheet, wire, working paper, x-ray, transcription or taping of telephone or personal conversation or conference, including inter-company, intracompany, interoffice, and intra office memorandum, or other document regarding any conference, conversation, or other communication, and any and all other written, printed, typed, taped, recorded, transcribed, punched, filmed, or graphic matter, however produced or reproduced.

3.  The Parties agree that information designated "CONFIDENTIAL" may include personal or private information contained in personnel files or employment records of current or former employees of Defendants who are not parties to this lawsuit; Plaintiffs' and Defendants' business records, containing, and including but not limited to, agreements and proposals with customers, customer lists, customer names, customer address, potential customers, potential customer names and potential customer address, application status records, sales and commission records, non-public pricing, merchandising, cost or financial information and records of Defendants and Plaintiffs; tax and financial information and records of Plaintiffs, Defendants, and non-parties; non-public identifying information regarding Plaintiffs, Defendants, non-parties, and witnesses, including Social Security

numbers, addresses and phone numbers; and/or trade secrets and proprietary information of Defendants.

4. The Parties agree that CONFIDENTIAL information shall not, without the consent of the party producing it, the consent of the individual whose information is at issue, or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses to the extent such disclosure is necessary to a Witness's deposition or trial testimony and preparation therefore; and

(h) other persons by written agreement of the parties.

5. ALL confidential information shall be filed with the court under seal. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, the parties, Court Personnel and stenographic reporters), the parties agree that counsel shall provide such person with a copy of the Protective Order and obtain from such person a written acknowledgment stating that he or she has read the Protective Order and agrees to be bound by its provisions. The acknowledgment shall state, "I acknowledge that I have read the Protective Order in *Michael J. Desserault, et al v. Yakima Chief Property Holdings, et al.* and agree to be bound by its provisions."

6. The Parties agree that documents designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility the term "CONFIDENTIAL") will be deemed CONFIDENTIAL under this order. Additionally, the Parties agree that all tax, income, accounting and any financial records of a party shall be deemed CONFIDENTIAL even without a specific designation. Additionally, the parties agree that the Group Supply Agreement Framework Contract and documents related to it that have already been produced are CONFIDENTIAL.

7. The Parties agree that whenever an exhibit to a deposition involves the disclosure of CONFIDENTIAL information, the deposition exhibit or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of the Protective Order. The Parties further agree that such designation shall be made on the record during the deposition.

8. All Parties agree that a party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information, and that the written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within thirty (30) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of the Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of the Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with the Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. The Parties agree that any document or information designated as CONFIDENTIAL will not be used in any manner whatsoever, other than as is necessary for the prosecution and/or defense of this litigation. The parties agree that any use of CONFIDENTIAL information other than for purposes of this litigation is prohibited and shall be subject to sanctions by this court.

10. At the conclusion of this case, unless other arrangements are agreed upon, the Parties agree that each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, provided that party makes a request within 30 days of the conclusion of the case. If no request is made, or if the parties agree, all confidential documents will be destroyed or the parties may elect to destroy CONFIDENTIAL documents. Where the Parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with a letter confirming the destruction.

11. The Parties understand that the Court may modify such Protective Order at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Based on the above Stipulation, it is hereby ORDERED:

A Protective Order is hereby entered as set forth above.

Dated this __2nd___ day of November, 2009.

*s/ Fred Van Sickle*
Senior United States District Judge

Stipulated to this _____ day of October, 2009.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Plaintiffs

By: _ *s/ Randall R. Steichen* _____
Randall R. Steichen, WSBA No. 19264
William L. Weigand III, WSBA No. 20719
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Direct Dial:  (206) 757-8150 (Steichen)
              (206) 757-8600 (Weigand)
Email:  randysteichen@dwt.com
        billweigand@dwt.com


VELIKANJE HALVERSON P.C.
Attorneys for Defendants


By:    *s/ Kevan T. Monto*ya_____
s/ Carter L. Fjeld,  WSBA No. 11290
s/ Kevan T. Montoya, WSBA No. 19212
s/ Tyler M. Hinckley, WSBA No. 37143
405 East Lincoln Avenue
P.O. Box 22550
Yakima, Washington 98907
Telephone:  (509) 248-6030
Fax:  (509) 453-6880
Email:  cfjeld@vhlegal.com
        kmontoya@vhlegal.com
        thinckley@vhlegal.com


G:\KTM\YAKIMA CHIEF PROPERTY HOLDINGS\Pleadings\Stipulated Protective Order.doc